UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-201 |
| JOHNNY SMITH | SECTION "R" (3) |

## ORDER AND REASONS

Before the Court are Johnny Smith's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, Smith's motions are denied.

### I. BACKGROUND

On July 24, 2013, defendant Johnny Smith was charged by criminal complaint with receipt and distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2).[1] On September 20, 2013, the government filed a Superseding Bill of Information charging Smith with sexual exploitation of a child in violation of 18 U.S.C. § 2251(a)

---

[1] R. Doc. 1.

and (e) and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).[2] On February 5, 2015, Smith pleaded guilty to both counts of the Superseding Bill of Information.[3]

Smith also entered a plea agreement with the government under Federal Rule of Criminal Procedure 11.[4] Under the terms of the plea agreement, the government agreed not to bring any other charges in the Eastern District of Louisiana arising from Smith's production of child pornography concerning the victim identified in the Superseding Bill of Information.[5] The government also agreed not to bring any other charges in the Eastern District of Louisiana concerning Smith's receipt and possession of child pornography in 2012 and 2013.[6] In exchange, and in addition to his guilty plea, Smith waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.[7] Further, Brown waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel

---

[2] R. Doc. 18.
[3] R. Doc. 39.
[4] R. Doc. 40.
[5] *Id.* at 1.
[6] *Id.*
[7] *Id.* at 3.

directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[8]

As part of his guilty plea, Smith signed a factual basis in which he admitted to the facts underlying his plea.[9] In the factual basis, Smith admitted that on two occasions he recorded videos in which he engaged in sexually explicit conduct with a three-year-old girl.[10] Smith admitted that he used a camera manufactured outside of the State of Louisiana to record the sexually explicit conduct, and that he saved the videos to a storage device manufactured outside of the State of Louisiana.[11]

The factual basis described the content of the videos that Smith recorded of the victim.[12] In the first video, Smith filmed the victim pulling Smith's pants down and exposing Smith's penis.[13] Smith then instructs the victim to touch her vagina and to bend over.[14] After the victim bends over, Smith zooms and focuses the camera on the victim's buttocks and vaginal area.[15]

---

[8] *Id.*
[9] R. Doc. 41.
[10] *Id.* at 2.
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.*
[14] *Id.*
[15] *Id.*

The factual basis also describes five videos recorded on a second occasion.[16] In these videos, Smith records the victim fondling herself and inserting her fingers into her vagina.[17] The video also shows Smith removing the victim's pants and shorts and touching the victim's genital area.[18]

Smith also admitted in the factual basis to using his computer to search for, download, and save images and videos of child pornography.[19] Smith admitted that he stored seven videos and seventeen images depicting the sexual victimization of children on his computer and an external storage drive.[20] These images and videos included depictions of minors performing oral sex on adult males.[21]

During Smith's rearraignment, the Court asked Smith if he understood his guilty plea, and if he was knowingly and voluntarily pleading guilty.[22] Smith responded affirmatively.[23] Smith also told the Court that he was pleading guilty because he was in fact guilty of the crime charged,[24] and that he had gone over the factual basis, he had signed the factual basis, and that

---

16 *Id.*
17 *Id.*
18 *Id.* at 3-4.
19 *Id.* at 4.
20 *Id.*
21 *Id.* at 5.
22 R. Doc. 71 at 24.
23 *Id.*
24 *Id.*

4

the facts stated within the factual basis were true.[25] Smith further stated that he understood his plea agreement, and that he understood that in the agreement he waived the right to appeal the sentence imposed by the Court, including the right to bring a post-conviction proceeding, unless the sentence was in excess of the statutory maximum.[26] Smith also testified that he was satisfied with the advice and services of his lawyer and that his lawyer had advised him of his appeal rights and the effect of waiving them.[27] Smith testified that he had not been persuaded to plead guilty because of any threats made against him.[28]

On October 8, 2014, the Court sentenced Smith to 292 months imprisonment as to Count One and 240 months imprisonment as to Count Two, with all terms to run concurrently.[29] The Court also ordered a life sentence of supervised release as to both counts and a $200 special assessment. Smith's sentence was within the advisory guidelines range and did not exceed the relevant statutory maximums. At his sentencing, Smith apologized for his crimes.[30]

---

[25] *Id.* at 23-24.
[26] *Id.* at 16-17.
[27] *Id.* at 17, 20-21.
[28] *Id.* at 13.
[29] R. Doc. 59 at 1.
[30] R. Doc. 67 at 7-8. Smith offered the following apology:

Following his conviction, Smith appealed to the Fifth Circuit, and his appeal was summarily dismissed.[31] [[This Court later reduced Smith's sentence under Count One to 263 months.]][32] Smith has since filed several motions with the Court:

- On July 2, 2015, Smith filed a Motion for Review of Sentence Pursuant to Federal Rule of Criminal Procedure 52(b).[33] In his motion, Smith asserts that the government searched his computer in violation of the Fourth Amendment, that Smith's waiver of indictment was "fraudulently obtained," that the government failed to establish that the camera Smith used to record his victim had travelled in interstate commerce, that the videos Smith recorded were not child pornography, and that Smith's trial counsel was ineffective.[34]

---

To begin with, I want [the victim and her mother] to know that I am truly sorry. I had no right to betray or harm them. For doing this, I must and will face time in prison . . . . I wish I could go back and un-do what is done, take back the pain and once again back [sic] to the trust that I once had. But I can't. This is not simply because I dread the coming future but because I've betrayed the trust of a mother and child. They needed a friend. Instead, I gave them an enemy. Sorry. I betrayed you both. I can never—I can never make amends for that. I'm sorry. That's it. *Id.*

[31] R. Doc. 78.
[32] R. Doc. 98. [[Sealed order based on cooperation.]]
[33] R. Doc. 80.
[34] *Id.*

- On September 9, 2015, the Court informed Smith that it would construe his Rule 52(b) motion as an application for post-conviction relief under 28 U.S.C. § 2255 and gave Smith 30 days to withdraw his motion or amend it to bring any additional claims.[35]
- Following several extensions, Smith filed a supplemental section 2255 motion on January 26, 2016.[36] In this motion, Smith argues that his trial counsel was ineffective by, among other things, coercing Smith to plead guilty and failing to advise Smith regarding the effect of his guilty plea and waiver of appeal.[37] Smith also argues that his appellate counsel was ineffective for failing to argue before the Fifth Circuit that Smith's trial counsel was ineffective.[38] Finally, Smith asserts that the Court failed to advise Smith of several of his rights and the effect of waiving them by pleading guilty.[39]
- On July 25, 2016, Smith filed a reply to the government's response to his section 2255 motion.[40] In his reply, Smith asserted that he is

---

[35] R. Doc. 83.
[36] R. Doc. 93.
[37] *Id.* at 5.
[38] *Id.* at 4.
[39] *Id.* at 8-9
[40] R. Doc. 102.

actually innocent of producing child pornography,[41] and reiterated his claim that trail counsel coerced his guilty plea.[42]

- On April 24, 2017, Smith filed a Petition for Audita Querela. In his petition, Smith asserts that the United States Army Reserves, 377th Theater Sustainment Command Group "wiretapped" Smith's computer in violation of Smith's Fourth Amendment right to privacy.[43] Smith requested that the Court appoint an "independent investigator" to investigate Smith's allegations.[44]

- On May 11, 2017, Smith filed a Supplemental Brief regarding his section 2255 motion.[45] In his brief, Smith argues that the government violated his Fourth Amendment right to privacy by accessing files that Smith shared on a peer-to-peer file-sharing network.[46]

- On May 11, 2017, Smith moved for an evidentiary hearing on his section 2255 motion.[47]

---

[41] *Id.* at 1-2.
[42] *Id.* at 4.
[43] R. Doc. 105.
[44] *Id.*
[45] R. Doc. 109.
[46] *Id.*
[47] *Id.*

8

## II. LEGAL STANDARD

### A. 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.* A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

When a section 2255 motion is filed, the district court must first conduct a preliminary review. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." *Rules Governing*

9

*Section 2255 Proceedings*, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). For certain "structural" errors, relief follows automatically once the error is proved. *Brecht v. Abrahamson*, 507 U.S. 619, 629-30 (1993). For other "trial" errors, the court may grant relief only if the

error "had substantial and injurious effect or influence" in determining the outcome of the case. *Id.* at 637-38; *see also United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999) (applying *Brecht's* harmless error standard in a section 2255 proceeding). If the court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

### B. Ineffective Assistance of Counsel

To establish a claim of constitutionally ineffective assistance of counsel, petitioner must show both (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's deficient performance, the likely outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). Petitioner must meet both prongs of the *Strickland* test and, if the Court finds that petitioner has made an insufficient showing as to either prong, the Court may dispose of the claim without addressing the other prong. *See id.* at 697.

As to the first prong of the *Strickland* test, counsel's performance must be compared to "an objective standard of reasonableness, mindful of the strong presumption of adequacy." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th

Cir. 1997). A court should not find inadequate representation merely because, with the benefit of hindsight, the court disagrees with counsel's strategic choices. *Id.* The Fifth Circuit has made clear that "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (quoting *Garland v. Maggio*, 717 F .2d 199, 206 (5th Cir. 1983)). As to the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

## III. DISCUSSION

As stated above, Smith waived his right to collaterally challenge his conviction or sentence unless he can prove that ineffective assistance of counsel affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[48] Accordingly, the Court first considers Smith's ineffective assistance of counsel claim. The Court finds that Smith has failed to meet his burden to show that ineffective assistance

---

48   R. Doc. 40 at 3.

of counsel affected the validity of his plea or waiver, and that Smith is not entitled to an evidentiary hearing on the issue. The Court further finds that Smith waived his right to bring his remaining claims in his plea agreement with the government.

## A. Ineffective Assistance of Counsel

Smith's most serious allegation of infective assistance of counsel is that his attorney threatened him into accepting a guilty plea. As noted, Smith stated at his rearraignment hearing that he had not been persuaded to plead guilty because of any threats made against him, that he was satisfied with the advice and services of his lawyer and that his lawyer had advised him of his appeal rights and the effect of waiving them.[49] Despite these earlier statements made under oath, Smith now asserts by affidavit that his trial counsel coerced Smith "to plea[d] guilty by threat and duress."[50] Smith also suggests that these threats involved promises to prosecute Smith's family members if Smith did not plead guilty.

Smith, however, speaks of the alleged threats only in generalities. He offers no times, dates, locations, or other details. Smith also fails to provide any corroboration of the alleged threats. In the Fifth Circuit, when a

---

[49] *Id.* at 13, 17, 20-21.
[50] R. Doc. 92 at 16.

13

defendant alleges that the validity of his plea or waiver was undermined by ineffective of assistance of counsel, and that assertion "contradict[s] his sworn testimony given at a plea hearing," the defendant faces a heavy burden. *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). To reach an evidentiary hearing in such a case, the defendant must provide "more than 'mere contradiction of his [earlier, inconsistent] statements.'" *Id.* (quoting *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985)). "[T]ypically," an adequate showing would include "specific factual allegations supported by the affidavit of a reliable third person." *Id.* Smith provides neither specific allegations nor third party corroboration, and his challenge to the validity of his plea and waiver therefore fails.

Smith also alleges that his counsel was ineffective because she failed to adequately investigate his claims and failed to present an adequate defense. Neither claim has merit. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Smith provides a laundry list of additional investigation that his attorney could have pursued, but offers no plausible theory of how this investigation could have altered the outcome of a hypothetical trial.

Similarly, Smith has failed to show that he was prejudiced by his attorney's allegedly inadequate defense. "In the context of a guilty plea, prejudice occurs if there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." *Id.* at 1002. Here, Smith describes nothing that his attorney could have done to alter the long odds that Smith would have faced at trial. He has therefore failed to show prejudice, and his inadequate defense claim, like his claims of threats and failure to investigate, is properly dismissed without an evidentiary hearing.

### B. The Court's Failure to Inform Smith

Smith also alleges that the Court failed to advise him of several rights, failed to advise him of the elements of the crimes he pleaded guilty to, failed to explain his appeal waiver, and failed to explain that the Court's eventual sentence might differ from any estimates he had been given. As detailed in the factual background, these allegations are contradicted by the record and therefore cannot undermine the validity of Smith's plea and waiver. Accordingly, Smith is not entitled to an evidentiary hearing on this issue.

### C. Remaining Grounds for Relief

Because Smith has not successfully undermined the validity of his plea or waiver, he is barred from asserting his remaining claims. The waiver precludes his arguments concerning the validity of his waiver of indictment. *See United States v. Daughenbaugh*, 549 F.3d 1010 (5th Cir. 2008) (holding that use of a bill of information to charge defendant without obtaining his explicit waiver of his right to an indictment was a nonjurisdictional defect which was waived by defendant's subsequent voluntary and unconditional guilty plea). The appeal waiver similarly bars Smith's objections regarding the sufficiency of the evidence underlying his conviction and the propriety of any searches under the Fourth Amendment. *See United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) ("A plea of guilty admits all the elements of a formal criminal charge[,] waives all non-jurisdictional defects in the proceedings leading to conviction[,] waives claims of governmental misconduct during the investigation and improper motives for prosecution[, and] eliminates objections to searches and seizures that violate the Fourth Amendment.") (internal quotations, citations, and modifications omitted). Finally, Smith *s*pecifically waived his right to bring writs of audita querela.[51]

---

[51] R. Doc. 40 at 3.

### D. Certificate of Appealability

When a district court enters a final order adverse to a petitioner under 28 U.S.C. § 2255, the court must issue or deny a certificate of appealability. Rules Governing Section 2255 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court requires the petitioner to show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If the district court denied the petitioner's claims on procedural grounds, the petitioner must show that "jurists of reason" could debate whether (1) "the district court was correct in its procedural ruling," and (2) "the petition states a valid claim of the denial of a constitutional right." *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Smith's motion does not satisfy these standards. The Court finds that Smith's arguments do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type

17

of debate among reasonable jurists. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES petitioner's motions. The Court will not issue a certificate of appealability.

New Orleans, Louisiana, this __19th__ day of May, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE