UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-201 |
| JOHNNY SMITH | SECTION "R" (3) |

# ORDER AND REASONS

Petitioner Johnny Smith moves the court to permit him to proceed *in forma pauperis* on appeal.[1] Because Smith's arguments lack good faith, the Court denies petitioner's motion.

## I. BACKGROUND

Johnny Smith is a federal prisoner currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.[2] On February 5, 2014, Smith reached a plea agreement with the government and pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. 2251(a) and one count of possession of child pornography involving a

---

[1] R. Doc. 118.
[2] *Id.*

1

minor under the age of 12 in violation of 18 U.S.C. 2252(a)(4)(B).[3] After determining that there was a factual basis for the plea and that Smith was knowingly and voluntarily pleading guilty, the Court adjudged Smith guilty.[4]

As part of his plea agreement with the government, Smith waived his right to contest his plea, conviction, or sentence on either direct or collateral review, with two exceptions.[5] Smith reserved his right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.[6] Smith also reserved the right to bring a post-conviction challenge if ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[7]

On October 8, 2014, the Court sentenced Smith to 292 months imprisonment as to Count One and 240 months imprisonment as to Count Two, with all terms to run concurrently.[8] The Court also ordered a life term of supervised release as to both counts.[9] Smith's sentence was within the

---

[3] R. Doc. 39; R. Doc. 40.
[4] R. Doc. 39 at 2.
[5] R. Doc. 40 at 3.
[6] *Id.*
[7] *Id.*
[8] R. Doc. 59 at 2.
[9] *Id.* at 3.

advisory guidelines range and did not exceed the relevant statutory maximums. At his sentencing, Smith apologized for his crimes.[10]

Following his conviction, Smith appealed to the Fifth Circuit, and his appeal was summarily dismissed.[11] Smith then filed a Motion for Review of Sentence Pursuant to Federal Rule of Criminal Procedure 52(b).[12] The Court construed Smith's motion as an application for post-conviction relief under 28 U.S.C. § 2255.[13] On January 26, 2016, Smith filed a supplemental motion arguing that his trial counsel and appellate counsel were both ineffective.[14] Smith also filed a petition for audita querela as well as a supplemental brief in support of his § 2255 application, each arguing that the government violated his Fourth Amendment rights.[15] The Court denied Smith's motions and declined to issue a certificate of appealability.[16]

Smith now moves the court to permit him to proceed *in forma pauperis* on appeal.[17] In his notice of appeal, Smith argues that his trial and

---

10    R. Doc. 67 at 7-8.
11    R. Doc. 78.
12    R. Doc. 80.
13    R. Doc. 83.
14    R. Doc. 93.
15    R. Doc. 105; R. Doc. 109.
16    R. Doc. 112.
17    R. Doc. 118.

3

appellate counsel rendered ineffective assistance and that his waiver of indictment was improperly obtained.[18]

## II. LEGAL STANDARD

A claimant may proceed with an appeal *in forma pauperis* if he meets three requirements. First, the claimant must submit "an affidavit that includes a statement . . . that [he] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Based on this information, the district court must determine whether the costs of appeal would cause an undue financial hardship. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1998). Second, the claimant must provide the court with an affidavit that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C); *accord* 28 U.S.C. § 1915(a)(1) ("Such affidavit shall state the nature of the . . . appeal and affiant's belief that the person is entitled to redress"). Third, the claimant's appeal must "be taken in good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B). "Good faith is demonstrated when a party seeks appellate review of any issue 'not frivolous.'" *Howard v.*

---

[18] R. Doc. 114. This document was originally filed with the Fifth Circuit as a motion for issuance of a certificate of appealability. The Fifth Circuit transmitted the motion to this Court and asked that it be treated as a notice of appeal. *See* R. Doc. 114-1.

*King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 F. App'x 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 F. App'x 755, 755 (5th Cir. 2003).

### III. DISCUSSION

Smith's motion to proceed *in forma pauperis* suggests that he is unable to pay fees related to his appeal. The motion and supporting documentation indicates that Smith's current inmate balance in $30.50 and that he has no other asserts.[19] Smith's motion must nevertheless be denied because the arguments he intends to raise on appeal do not have an arguable basis either in law or in fact and are therefore frivolous.

Smith argues that his trial counsel and appellate counsel each rendered ineffective assistance.[20] Specifically, Smith alleges that his trial counsel

---

19     R. Doc. 118 at 2.
20     R. Doc. 114 at 5-6.

coerced him into pleading guilty through threats and failed to properly advise him that his plea agreement contained a waiver of his right to appeal.[21] Smith also contends that his attorney fraudulently obtained a waiver of indictment while he was on suicide watch and failed to properly investigate and contest the validity of a search warrant as well as the jurisdictional basis for his federal charge.[22] Smith alleges that his appellate counsel was ineffective for refusing to raise an ineffective assistance of counsel claim on direct appeal.[23]

Smith's allegations that his attorney threatened him into accepting a guilty plea and failed to properly advise him regarding his plea agreement are contradicted by the record. Smith stated at his rearraignment hearing that he had not been persuaded to plead guilty because of any threats made against him, that his lawyer had advised him of his appeal rights and the effect of waiving them, and that he was satisfied with the advice and services of his lawyer.[24] The Fifth Circuit has held that, when the record "clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the

---

| | |
|---|---|
| 21 | *Id.* at 6. |
| 22 | *Id.* at 5-6. |
| 23 | *Id.* at 6. |
| 24 | R. Doc. 71 at 13, 17, 19-20 |

defendant will be held to his bargain." *United States v. Portillo,* 18 F.3d 290 (5th Cir. 1994).

Smiths offers only his unsubstantiated account of his trial attorney's performance and fails to provide any explanation for the contradiction between his current allegations and his testimony at his rearraignment hearing. Given the absence of factual support for Smith's assertions, there is no basis to call into question the statements he made under oath. *See United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) ("[W]hen a defendant's allegations contradict his sworn testimony given at a plea hearing, we have required more than mere contradiction of his statements" to warrant an evidentiary hearing.) (internal citations omitted). Smith's arguments thus lack good faith.

Smith's remaining allegations of ineffective assistance of counsel do not directly relate to the validity of his guilty plea or his waiver of appeal rights. He therefore waived his right to raise these claims through his plea agreement.[25] *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (holding that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the

---

25      R. Doc. 40 at 3.

validity of that waiver or the plea itself."). Smith's claim of ineffective assistance of trial counsel is therefore frivolous. Consequently, his claim regarding his appellate counsel is also frivolous.

Smith also wishes to argue on appeal that the magistrate judge failed to properly advise him of the rights he was forfeiting by signing a waiver of indictment at his arraignment.[26] Smith waived the right to raise this claim in his plea agreement, and he therefore cannot appeal on this basis.[27]

## IV. CONCLUSION

For the foregoing reasons, petitioner's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this __13th__ day of July, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26] R. Doc. 114 at 8.
[27] R. Doc. 40 at 3.