UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-201 |
| JOHNNY SMITH | SECTION "R" |

**ORDER AND REASONS**

Johnny Smith moves for compassionate release.[1] The Government opposes the motion.[2] Because Smith has not shown that he meets the requirements for compassionate release, the Court denies the motion.

**I.   BACKGROUND**

On February 5, 2014, Smith pleaded guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and possession of child pornography under 18 U.S.C. § 2252(a)(4)(B).[3] According to the factual basis, Smith repeatedly subjected a three-year-old child, whom he was babysitting, to sexual abuse.[4] Smith filmed that abuse.[5] Further, the FBI

---

[1]   *See* R. Doc. 134.
[2]   *See* R. Doc. 139.
[3]   *See* R. Doc. 18; *See* R. Doc. 39.
[4]   *See* R. Doc. 75-2 at 2.
[5]   *See id.*

special agents found that Smith possessed of several additional videos and images depicting the sexual victimization of other children.[6]

On October 8, 2014, this Court sentenced Smith to 292 months in prison,[7] to be followed by a life-term of supervised release.[8] Smith has served approximately 87 months of his sentence and is incarcerated at Oakdale I FCI with a projected release date of May 20, 2032.[9]

## II. DISCUSSION

### A. Exhaustion

Before a federal court will assess the merits of a motion for compassionate release, defendants must show they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or that "30 days [have passed] from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582. The Fifth Circuit has clarified that "all requests for compassionate release must be presented to the Bureau of Prisons before they are litigated

---

[6] *See id.* at 4-5.
[7] *See* R. Doc. 59 at 2.
[8] *See id.* at 3.
[9] Federal Bureau of Prisons, *Find an Inmate,* https://www.bop.gov/inmateloc/ (last visited October 26, 2020).

2

in the federal courts." *United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *2 (5th Cir. 2020 Sept. 3, 2020).

In addition, the Fifth Circuit held that the exhaustion requirement is a "mandatory claim-processing rule." *Id.* at 468. Like other mandatory-claim processing rules, the Court must enforce the rule if a party properly raises the issue. *See id.*; *see also Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019) ("A claim-processing rule is mandatory to the extent a court must enforce the rule if a party properly raises it."). The Government does not contest exhaustion in this case.

Smith sent a request for compassionate release to the warden of Oakdale I FCI on May 26, 2020.[10] The warden denied his request on June 4, 2020.[11] Smith sent a second letter to the warden on July 4, 2020, asking again for compassionate release, in which he cites, among other things, eight inmate deaths that took place at Oakdale I FCI during the intervening period from COVID-19.[12] Nothing indicates that the warden replied to Smith's second request. Because more than 30 days have passed since defendant's July 4, 2020 request, and because the Government does not contest exhaustion, the Court proceeds to the merits of Smith's motion.

---

[10] *See* R. Doc. 134-1.
[11] *See* R. Doc. 134-2.
[12] *See* R. Doc. 134-3.

3

### B.     Extraordinary and Compelling Reasons

Smith does not satisfy any of the requirements for compassionate release.  Courts grant compassionate release only when (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i)-(ii).  The application notes identify three discrete "extraordinary and compelling reasons" that could warrant a reduction:  a "terminal illness" or a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (b) "[a]ge"—starting at age 65; and (c) "[f]amily [c]ircumstances" that increase one's caregiving responsibilities. *See* U.S.S.G. § 1B1.13, application note 1 (emphasis removed).  The Guidelines also identify a category of "[o]ther [r]easons," but state that such reasons are "[a]s determined by the Director of the Bureau of Prisons."  *See id*. § 1B1.13, application note 1(D) (emphasis removed).

Here, Smith relies primarily on his medical conditions to argue that extraordinary and compelling reasons warrant his compassionate release. Specifically, Smith indicates that he suffers from hypertension,

4

hypothyroidism, and obesity.[13] Nothing in the record indicates that Smith's medical conditions are "terminal" or that they "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A). The Court also notes that Smith receives medication from FCI I Oakdale to treat his hypertension and his hypothyroidism. [14] Accordingly, the Court finds that Smith's medical conditions do not constitute extraordinary and compelling reasons meriting compassionate release.

At the heart of Smith's request is a generalized fear of COVID-19. But a generalized fear of the virus, by itself, does not justify release. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Marco Perez-Serrano*, No. 5:13-cv-2, 2020 WL 2754914, at *2 (S.D. Miss. May 27, 2020) ("A generalized fear of contracting COVID-19 does not justify compassionate release."). In addition, the Court notes that there are only

---

[13]    *See* R. Doc. 134-4.
[14]    *See* R. Doc. 139-1.

5

two active cases of COVID-19 among the inmate population at FCI I Oakdale.[15]

Next, Smith argues that family circumstances warrant his compassionate release. The application notes provide that (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children," and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" could each amount to "extraordinary and compelling reasons" under the compassionate release statute. U.S.S.G. § 1B1.13, application note 1(C).

Here, Smith argues that his brother, Homer, is in permanent supportive housing in New Orleans and is unable to care for himself.[16] Smith argues that his brother is diagnosed with Post-Traumatic Stress Disorder, and that Homer also struggles with substance abuse issues.[17] In addition, Smith represents that Homer regularly suffered from seizures between February 14, 2019, and October 31, 2019, and required exactly 100 ambulance rides during that time.[18]

---

[15]   Federal Bureau of Prisons, *COVID-19 Cases,* https://www.bop.gov/coronavirus/ (last visited October 26, 2020).
[16]   *See* R. Doc. 134 at 17.
[17]   *See* R. Doc. 134-5.
[18]   *See id.*

6

At a minimum, Smith's family circumstances do not constitute extraordinary and compelling reasons because the record does not reflect that Smith is the "only potential caregiver" for his brother. The "family circumstances" criterion, courts have held, requires that the compassionate-release petitioner be the only potential caregiver for the relevant family member. *See, e.g.*, *United States v. Nevers*, No. 16-88, 2020 WL 3077034, at *7 (E.D. La. June 10, 2020) (noting that the petitioner's family circumstances did not amount to extraordinary and compelling reasons because there were "no indication[s] that Petitioner [was] the only potential caregiver for her mother"); *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (granting compassionate release for an inmate who was the "only potential caregiver" for his mother). But in Smith's words, Homer is now in "permanent supportive housing . . . that is providing him with a lifeline" and offers him "therapy and case management support."[19]  In addition, the Court notes that Homer has a child and other siblings who may be able to care for him.[20]  Accordingly, Smith's family circumstances do not constitute "extraordinary and compelling reasons" under the compassionate release statute.

---

[19]     *See* R. Doc. 124 at 17.
[20]     *See* R. Doc. 51 at ¶ 76.

7

Finally, the Court does not find the Section 3553(a) factors support compassionate release. When determining whether to modify a sentence under Section 3582(c)(1)(A), the Court must "consider[] the factors set forth in section 3553(a)." *See* 18 U.S.C. § 3582(c)(1)(A). Here, the "seriousness of the offense" militates against early release. *See* 18 U.S.C. § 3553(a)(2)(A). Smith is convicted of serious child pornography offenses. He has served approximately 87 months of a 292-month term-of-imprisonment. The Court finds that defendant's sentence would not "reflect the seriousness of the offense" were he released after serving less that one third of his term of imprisonment.

### III. CONCLUSION

For the foregoing reasons, Smith's motion for compassionate release is DENIED.

New Orleans, Louisiana, this __28th__ day of October, 2020.

*Sarah Vance*
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE