UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                      NO. 13-201

JOHNNY SMITH                                        SECTION "R" (3)


**ORDER AND REASONS**


Before the Court is Johnny Smith's motion under Fed. R. Civ. P. 60(b)(1) and 60(b)(6) to reopen his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  For the following reasons, the Court grants Smith's Rule 60(b)(1) motion for the limited purpose of correcting a procedural error in the Court's ruling on Smith's section 2255 motion.  But the Court denies the substantive relief Smith requests, because the substantive claims in his section 2255 motion have already been ruled upon.


## I.    BACKGROUND

On July 24, 2013, defendant Johnny Smith was charged by criminal complaint with receipt and distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2).[2]  On September

---

[1]      R. Doc. 147.
[2]      R. Doc. 1 at 1.

20, 2013, the government filed a Superseding Bill of Information charging Smith with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and 2251(e), as well as possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2).[3]   On February 5, 2015, Smith pleaded guilty to both counts of the Superseding Bill of Information.[4]

Smith also entered a plea agreement with the government under Federal Rule of Criminal Procedure 11.[5]   Under the terms of the plea agreement, the government agreed not to bring any other charges in the Eastern District of Louisiana arising from Smith's production of child pornography concerning the victim identified in the Superseding Bill of Information.[6] The government also agreed not to bring any other charges in the Eastern District of Louisiana concerning Smith's receipt and possession of child pornography in 2012 and 2013.[7]  In exchange, and in addition to his guilty plea, Smith waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence

---

[3]    R. Doc. 18 at 1-2.
[4]    R. Doc. 39.
[5]    R. Doc. 40.
[6]    *Id.* at 1.
[7]    *Id.*

above the statutory maximum.[8]  Further, Smith waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[9]

In connection with his guilty plea, Smith signed a factual basis in which he admitted to the facts underlying his plea.[10]  In the factual basis, Smith admitted that on two occasions he recorded videos in which he engaged in sexually explicit conduct with a three-year-old girl.[11]  Smith admitted that he used a camera manufactured outside of the State of Louisiana to record the sexually explicit conduct, and that he saved the videos to a storage device manufactured outside of the State of Louisiana.[12]

The factual basis described the content of the videos that Smith recorded of the victim.[13]  It also describes five videos recorded on a second occasion.[14]  Smith also admitted in the factual basis to using his computer to

---

[8]      *Id.* at 3.

[9]      *Id.*

[10]     R. Doc. 41.

[11]     *Id.* at 2.

[12]     *Id.* at 2-3.

[13]     *Id.* at 3-4.

[14]     *Id.*

search for, download, and save images and videos of child pornography.[15] Smith admitted that he stored seven videos and seventeen images depicting the sexual victimization of children on his computer and an external storage drive.[16]

During Smith's rearraignment, the Court confirmed that Smith understood the charges against him, the consequences of pleading guilty, and that he was pleading guilty knowingly and voluntarily.[17] Smith testified that he had not been persuaded to plead guilty because of any threats made to him by anyone.[18] Smith further stated that he reviewed his plea agreement with his lawyer and understood that in it, he was waiving the right to appeal or collaterally challenge his conviction or sentence unless the sentence was in excess of the statutory maximum.[19] He also testified that he understood that he preserved the right to bring a postconviction proceeding if he could show that ineffective assistance of counsel affected the validity of his guilty plea or his waiver of appeal and collateral challenge rights.[20] Smith told the

---

[15]   *Id.* at 4.
[16]   *Id.*
[17]   R. Doc. 71 at 24:8-19.
[18]   *Id.* at 13:4-6.
[19]   *Id.* at 16:16-22.
[20]   *Id.* at 16:24-17:4.

Court that he was pleading guilty because he was in fact guilty of the crime charged,[21] that he had reviewed and signed the factual basis, and that the facts stated within the factual basis were true.[22]  Smith also testified that he was satisfied with the advice and services of his lawyer and that his lawyer had advised him of his appeal rights and the effect of waiving them.[23]

On October 8, 2014, the Court sentenced Smith to 292 months' imprisonment as to Count One and 240 months' imprisonment as to Count Two, with all terms to run concurrently.[24]  The Court also ordered a life sentence of supervised release as to both counts and a $200 special assessment.[25]  Smith's sentence was within the advisory guidelines range and did not exceed the relevant statutory maximums.  At his sentencing, Smith apologized for his crimes.[26]  Following his conviction, Smith appealed to the Fifth Circuit, and his appeal was dismissed.[27]  This Court later reduced Smith's sentence under Count One to 263 months.[28]

---

[21]    *Id.* at 12:8-10.
[22]    *Id.* at 23:24-24:5.
[23]    *Id.* at 17:5-7, 19:25-20:2, 21:16-22.
[24]    R. Doc. 59 at 2.
[25]    *Id.* at 3, 6
[26]    R. Doc. 67 at 7:18-8:10.
[27]    R. Doc. 78.
[28]    R. Doc. 98.

Following the dismissal of his appeal, Smith filed several motions with the Court.  He first filed a motion for review of his sentence pursuant to Fed. R. Crim. P. 52(b), asserting that the government searched his computer in violation of the Fourth Amendment, that his waiver of indictment was fraudulently obtained, that the government failed to establish that the camera he used to record his victim had travelled in interstate commerce, that the videos he recorded did not constitute pornography, and that his trial counsel was ineffective.[29]  The Court informed Smith it would construe his Rule 52(b) motion as an application for post-conviction relief under 28 U.S.C. § 2255 and gave him 30 days to withdraw his motion or amend it to bring any additional claims. [30]

Following several extensions, Smith filed a supplemental section 2255 motion on January 26, 2016.[31]  In this motion, Smith argued that his trial counsel was ineffective by, among other things, coercing Smith to plead guilty and failing to advise Smith regarding the effect of his guilty plea and waiver of appeal.[32]  Smith argued that his appellate counsel was ineffective

---

[29]     R. Doc. 80.

[30]     R. Doc. 83.

[31]     R. Doc. 93.

[32]     *Id.* at 5.

for failing to argue before the Fifth Circuit that Smith's trial counsel was ineffective.[33]  Finally, Smith asserted that the Court failed to advise him of several of his rights and the effect of waiving them by pleading guilty.[34]  In his reply brief in support of his section 2255 motion, Smith asserted that he is actually innocent of producing child pornography,[35] and reiterated his claim that trail counsel coerced his guilty plea.[36]  Smith also filed a supplemental brief regarding his motion, in which he argued the government violated his right to privacy by searching his computer and accessing files he shared on a peer-to-peer file-sharing network.[37]

In opposition to Smith's section 2255 motion, the government argued that Smith's petition alleged constitutional and jurisdictional errors that were not raised on direct appeal, and were thus procedurally defaulted and could not be asserted on collateral review.[38]  The government further argued that Smith's cognizable claims under section 2255 for ineffective assistance

---

[33]   *Id.* at 4.
[34]   *Id.* at 8-9.
[35]   R. Doc. 102 at 1-2.
[36]   *Id.* at 4.
[37]   R. Doc. 109.
[38]   R. Doc. 101 at 5.

of counsel were meritless.[39]  The government did not invoke the appeal and collateral challenge waiver in Smith's plea agreement in its opposition brief.

In an order dated May 19, 2017, this Court considered and denied Smith's pending motions.[40]  The Court considered Smith's ineffective assistance of counsel claim, and found that, because of the lack of detail in Smith's allegations that his counsel threatened him to accept a guilty plea coupled with his sworn testimony that he had not been persuaded to plead guilty because of any threats by anyone and was satisfied with the advice and services of his lawyer, Smith failed to meet his burden to show that ineffective assistance of counsel affected the validity of his plea or waiver.[41]  The Court also rejected Smith's ineffective assistance of counsel claim premised on trial counsel's failure to "adequately investigate his claims" and "present an adequate defense,"[42] as well as his claims that the Court failed to inform him of his rights.[43]  Finally, the Court observed that in his plea agreement, Smith "waived his right to collaterally challenge his conviction or sentence unless he can prove that ineffective assistance of counsel affected the validity of his

---

[39]   *Id.* at 8-14.
[40]   R. Doc. 112.
[41]   *Id.* at 13-15.
[42]   *Id.* at 14.
[43]   *Id.* at 15.

waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[44]  Accordingly, the Court held that Smith's remaining claims regarding the sufficiency of the evidence underlying his conviction and the propriety of any searches under the Fourth Amendment were barred.[45]  The Court held that Smith was not entitled to an evidentiary hearing on the issue and declined to grant a certificate of appealability ("COA").[46]

Smith then requested a COA from the Fifth Circuit, which the Fifth Circuit construed as a notice of appeal.  *United States v. Smith*, 945 F.3d 860, 862 (5th Cir. 2019).  The Fifth Circuit granted Smith a COA on "whether the government's answer invoked Smith's waiver," "whether the district court erred by enforcing it to bar Smith from presenting his constitutional claims," and "whether the language of the waiver contained a waiver of collateral challenge to his conviction and whether counsel and the district court erred by incorrectly explaining the substance of the plea agreement."  *Id.*  The court directed the government to address "these issues and all other constitutional issues raised in Smith's COA motion."  *Id.*

---

[44]    *Id.* at 12.
[45]    *Id.* at 16.
[46]    *Id.* at 12-13.

In the Fifth Circuit, the government challenged the COA on two grounds.  First, the government contended that although this Court erred in enforcing Smith's collateral-review waiver *sua sponte*, the Fifth Circuit should not have issued the COA "because Smith did not raise that error in his COA motion."  *Id.*  Second, the government asserted that the COA should not have been issued directing the government to address all the constitutional issues in Smith's COA motion without "indicating which specific issue or issues satisfy the showing required by" section 2253(c)(2).[47] *Id.*

The Fifth Circuit agreed with the government that the COA failed to indicate which issues satisfied the showing required by section 2253(c)(2), but held that this defect could be cured by "considering an amendment to the COA" if Smith "made a substantial showing of the denial of a constitutional right."[48]  *Id.* at 863.  The court thus proceeded to consider the merits of Smith's claims.

---

[47]   28 U.S.C. § 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

[48]   Smith had to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" for the claims this Court rejected on the merits.  *Id.*  For those rejected on procedural grounds, Smith had to show "that jurists of

The court found that Smith "ha[d] not made a substantial showing on the merits of any constitutional claim." *Id.* The court rejected Smith's claim that his attorney coerced his guilty plea as lacking sufficient detail. *Id.* at 863-64. It likewise rejected his claim that the counsel was ineffective for not testing the government's proof on the jurisdictional element of his charge for producing child pornography because Smith admitted that he "used a hand-held digital recording device that was manufactured outside of the State of Louisiana to record the sexually explicit conduct" in the factual basis for his plea. *Id.* at 864. It also rejected his claim that this Court lacked jurisdiction to accept his plea on the grounds that he was never indicted by a grand jury, because "the failure to secure an indictment is a nonjurisdictional error that he waived when he pleaded guilty." *Id.* (citing *United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008)).

The court also rejected, in summary fashion, Smith's "litany of other ineffective-assistance claims," namely that counsel: erroneously permitted Smith to plead guilty while he was incompetent, failed to suppress evidence from the warrantless retrieval of files from Smith's computer through peer-

---

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

to-peer file-sharing software, failed to challenge the validity of the resulting search warrant, failed to explain Smith's plea agreement and the consequences of pleading guilty, failed to move to suppress Smith's statements given during the search, failed to bargain for a better plea agreement, and acceded to Smith's demand to speak with prosecutors. *Id.* at 865. Because the court found that "jurists of reason would not find the merits of Smith's constitutional claims debatable," it dismissed Smith's appeal without addressing "the district court's procedural error." *Id.*

After the Fifth Circuit's ruling, Smith filed this motion to reopen his section 2255 motion in accordance with Fed. R. Civ. P. 60(b)(1) and 60(b)(6).[49] In his motion, Smith argues that this Court erred in invoking the waiver to prevent him from challenging his conviction on collateral review.[50] He also contends the Fifth Circuit failed to "touch upon one of the principal claims Smith raised" in his section 2255 motion: "the warrantless search of his residence, computer, and related devices."[51] He asserts that "there ***was no warrant*** to search his residence and physically search and seize his

---

[49]   R. Doc. 147.
[50]   *Id.* at 4-5.
[51]   *Id.* at 5.

computer and devices, and counsel should have . . . ascertained this."[52]
Smith thus asks the Court to "vacate its previous ruling insofar as it denied
relief on the issue of the existence of a warrant and its effects on the physical
search of Smith's residence computer, and related devices;" "require the
Government to either explain why it did not require a warrant when it
conducted a physical . . . search or produce an original warrant and justify its
non-disclosure to Defendant and the Court;" and "hold[] hearing and
argument to allow [the Court] to make detailed findings so the Government
may appeal or Smith may seek a proper Certificate of Appealability, as the
case may be."[53]

In its opposition, the government agrees that Smith's waiver should
not have been applied *sua sponte*, but contends that this Court should not
revisit any of Smith's substantive claims, as this Court's rulings on Smith's
section 2255 motion and the Fifth Circuit's rulings on appeal constitute law
of the case.[54]  The government asks, in the alternative, for this Court to deny
Smith's remaining claims "for the reasons set forth in the Fifth Circuit's

---

[52]    *Id.* at 6 (emphasis in original).

[53]    *Id.* at 8.

[54]    R. Doc. 152 at 1.

13

opinion and the Government's response to Smith's 2255 motion."[55]
Regarding Smith's claim that the Fifth Circuit never ruled on his warrantless
search claim, the government contends this is a new claim not raised before
this Court in the section 2255 briefing or before the Fifth Circuit on appeal.[56]
Accordingly, the government argues the motion should be denied as a
"successive petition for relief" rather than a proper Rule 60(b) motion.[57]

The Court considers the parties' arguments below.

## II.   LEGAL STANDARD

Rule 60(b) provides six reasons for which a district court may grant
relief from a final judgment:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence,
could not have been discovered in time to move for a new
trial under Rule 59(b);

(3)   fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;

(4)   the judgment is void;

(5)   the judgment has been satisfied, released, or discharged; it
is based on an earlier judgment that has been reversed or

---

[55]   *Id.*
[56]   *Id.* at 11.
[57]   *Id.*

14

vacated; or applying it prospectively is no longer equitable; or

(6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The burden of establishing at least one of the reasons is on the moving party, and the district court enjoys broad discretion in assessing whether any of the reasons are present in a given case.  *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).  Motions filed under Rule 60(b) "are directed to the sound discretion of the district court, and its denial of relief upon such motion will be set aside on appeal only for abuse of that discretion."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Rule 60(b) "has an unquestionably valid role to play in habeas cases." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).  "The Rule is often used to relieve parties from the effect of a default judgment mistakenly entered against them, . . . a function as legitimate in habeas cases as in run-of-the-mine civil cases."  *Id.* (citation omitted).

## III.   DISCUSSION

The Court first addresses the timeliness of Smith's motion.   It then proceeds to the merits.

15

### A.    Timeliness of Smith's 60(b) Motion

Smith styles his motion as one to reopen his 2255 motion under both Rule 60(b)(1), which applies in cases of "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6), a catchall provision for "any other reason that justifies relief" from a final judgment, order, or proceeding.[58] The categories of relief under Rule 60(b) are "mutually exclusive from one another, meaning that an action cannot be brought through the catch-all of Rule 60(b)(6) if it could have been brought through one of the Rule's first five subsections." *United States v. Fernandez*, 797 F.3d 315, 319 (5th Cir. 2015) (internal quotation marks omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (same).

In his motion, Smith contends that the Court erred by invoking the terms of the waiver in his plea agreement to bar several of his claims.[59] Accordingly, his motion is properly classified as a motion under Rule 60(b)(1), which applies to "judicial errors of law." *Kemp v. United States*,

---

[58]    R. Doc. 147 at 1.

[59]    *Id.* at 4-5.

142 S. Ct. 1856, 1865 (2022).[60]  Motions under Rule 60(b)(1) "must be made
. . . no more than a year after the entry of the judgment or order."  Fed. R.
Civ. P. 60(c)(1).  Although Rule 60(b)(6) does not have a one-year time limit,
"if a motion was of a type that must be brought within a year, and that year
passed without filing, the movant cannot resort to Rule 60(b)(6); rather, it
finds [] itself without Rule 60(b) remedy altogether."  *Fernandez*, 797 F.3d
at 319.

    As the government correctly points out, Smith filed this motion over
three years after the Court entered its ruling on Smith's section 2255
motion.[61]  The motion is thus untimely under the one-year time limit in Rule
60(c)(1), which is not tolled by Smith's intervening appeals.  *See Transit Cas.
Co. v. Security Tr. Co.*, 441 F.2d 788, 791 (5th Cir. 1971) ("Although Plaintiffs
appealed from the order of dismissal, such appeal does not toll the time for
making a 60(b) motion.")  Notably, the Federal Rules of Civil Procedure
provide that "[a] court *must* not extend the time to act under Rule[] . . .
60(b)."  Fed. R. Civ. P. 6(b) (emphasis added); *see also Federated Nat'l Ins.*

---

[60]    Smith concedes that he cannot seek relief under both Rule 60(b)(1) and
60(b)(6).  *See* R. Doc. 156 at 7 ("[T]he contention that 60(b)(1) and
60(b)(6) are mutually exclusive is correct[.]").

[61]    R. Doc. 112.

*Co., Inc. v. Loredo*, No. 17-1712, 2019 WL 5887399, at \*19 (N.D. Tex. July 12, 2019) ("[A]s to extending the time, in some circumstances the rules allow a court to do so . . . [b]ut Rule 60(b) is not one of those occasions.").

The government nevertheless argues that the Court should not deny Smith's motion as untimely.[62]  As the government correctly points out, the time limit imposed in Rule 60 is a "mandatory claim-processing rule," not a jurisdictional rule.[63]  *See Stelly v. Duriso*, 982 F.3d 403, 407 n.5 (5th Cir. 2020) ("Only statutory provisions can be jurisdictional, not 'court-made' procedural rules."); *Frew v. Young*, 992 F.3d 391, 396 n.3 (5th Cir. 2021) ("[T]here is increasing momentum to treat the deadlines . . . as mandatory claim-processing rules rather than jurisdictional requirements.").[64]  Although the Fifth Circuit has not expressly held that the time limits for Rule 60(b) motions must be raised by a party in order to be imposed by a court, it

---

[62]   R. Doc. 152 at 8 n.7.

[63]   *Id.*

[64]   The Fifth Circuit has described the time limits in Rule 60(b) as jurisdictional in the past.  *See United States v. Real Prop. Located at 1258 Higuera Rd., San Elizario, Tex.*, 129 F.3d 606, at \*1 (5th Cir. 1997) ("Because the Chagoyans' [Rule 60(b)(1)] motion was not timely filed, the district court lacked jurisdiction to entertain it.").  However, this appears to be superseded by *Stelly*, which makes clear that following the Supreme Court's decision in *Hamer*, only statutes may set jurisdictional requirements.  982 F.3d at 407 n.5.

has noted that "mandatory claim-processing rules are generally forfeited if the relevant party does not brief them." *Stelly*, 982 F.3d at 407 n.5 (citing *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017)). Because the government only addresses timeliness in a footnote and expressly states that it "will not [properly raise timeliness] here so that the procedural defect in the order denying Smith's 2255 [motion] may be remedied,"[65] the Court proceeds the merits of Smith's Rule 60(b)(1) motion.

### B.    Merits of Smith's 60(b) Motion

Under Rule 60(b)(1), a party may be relieved from a final judgment or order on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  Both parties assert that the Court's invocation of the waiver in Smith's plea agreement to "bar [Smith] from asserting" his claims other than his ineffective-assistance-of-counsel claims related to "the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself" in its May 19, 2017 Order and Reasons was an error.[66]

---

[65]    *Id.*

[66]    R. Doc. 147 at 4-5; R. Doc. 152 at 1.

Courts may dismiss section 2255 actions by invoking waivers in plea agreements *sua sponte* in cases "without notice to the government," if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Del Toro-Alejandre*, 489 F.3d 721, 723 (5th Cir. 2007) (citing 28 U.S.C. § 2255).  This is because "it is reasonable to assume that the government will insist on [the plea agreement's] terms, unless it says otherwise." *Id.*; *see also United States v. Brooks*, No. 20-10401, 2022 WL 2871200, at *2 (5th Cir. July 21, 2022) ("Indeed, we allow district courts to enforce a waiver of postconviction rights without waiting to see whether the government would invoke it, assuming that absent word otherwise[,] the government will seek enforcement of a waiver it bargained for." (citation omitted)).  When the government responds to a section 2255 motion and does "not affirmatively mov[e] to enforce the plea agreement," however, "the [g]overnment has waived its rights to seek the benefit of the waiver," and the district court may not enforce it *sua sponte*. *Delgado v. United States*, No. 11-716-1, 2017 WL 2126694, at *1 n.1 (S.D. Tex. Apr. 19, 2017).

Because the government did not affirmatively invoke Smith's waiver in its opposition to Smith's section 2255 motion, the Court's enforcement of the

waiver *sua sponte* to bar some of Smith's claims was in error. *See Del Toro-Alejandre*, 489 F.3d at 722 (the enforcement of a waiver "must be asserted by the government or be deemed waived, functioning much like affirmative defenses"). The Court therefore grants Smith's Rule 60(b)(1) motion for the limited purpose of rectifying this error.

Nevertheless, the Court will not revisit the merits of the claims advanced in Smith's original section 2255 motion. As discussed in Section I, *supra*, this Court expressly considered and rejected several of Smith's claims in its May 19, 2017 Order and Reasons.[67] The Court also declined to rule on the remainder of his claims because they were subject to the waiver.[68] But on appeal, the Fifth Circuit ruled on the merits of all of Smith's claims. *Smith*, 945 F.3d at 863. In particular, the Fifth Circuit expressly rejected Smith's claims that:

- His counsel coerced him to plead guilty;

- The government did not test the government's proof on the jurisdictional element of his charge for producing child pornography;

- This Court lacked jurisdiction to accept his plea because he was never indicted by a grand jury;

---

[67]   R. Doc. 112 at 14-15.
[68]   *Id.* at 16.

- His counsel permitted him to plead guilty while he was incompetent;

- His counsel failed to move to suppress evidence from the warrantless retrieval of files from Smith's computer through peer-to-peer file-sharing software;

- His counsel failed to challenge the validity of the search warrant;

- His counsel failed to properly explain his plea agreement and the consequences of pleading guilty;

- His counsel failed to move to suppress Smith's statements given during the search;

- His counsel failed to bargain for a better plea agreement; and

- His counsel acceded to Smith's demand to speak with prosecutors.

*Id*. at 863-64. The Court will not reconsider these rulings, which constitute law of the case. *See Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006) ("The law of the case doctrine provides that 'an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on subsequent appeal.").

In the current motion, Smith contends that neither this Court nor the Fifth Circuit ruled on his claim that the government conducted a warrantless physical search of his home and seizure of his computer and other devices.[69]

---

[69]   R. Doc. 147 at 5-7.

Smith points to a representation in his section 2255 briefing that "[a]n unknown government actor in July of 2013 performed an illegal search of petitioner's computer . . . and then seized evidence . . . contradictory to the requirements [of] the Fourth Amendment.[70]   This is the same argument advanced before, and rejected by, the Fifth Circuit: On appeal, Smith similarly contended that "[a] warrant was . . . required to descend upon [his] house and physically search and seize his computer and equipment" and criticized trial counsel for failing to "[s]eek[] to invalidate the search warrant or prove that none existed."   *United States v. Smith*, No. 17-30503, Doc. 514541333 at 67-68 (5th Cir. 2018).   In other words, Smith's position on appeal was that the government wrongfully conducted a pre-warrant digital search of his files to establish probable cause, and that his counsel erred in failing to review the resulting warrant to determine whether it was valid or even existed.

The Fifth Circuit considered the parties' arguments and ruled that "[i]t is apparent from this record that Smith has not made a substantial showing

---

[70]   Smith contends this was raised in his section 2255 reply brief at R. Doc. 102.  This language does not appear in his reply brief, but it does appear in his supplemental brief in support of his section 2255 motion at R. Doc. 109 at 6.

on the merits of *any* constitutional claim." *Smith*, 945 F.3d at 863 (emphasis added).  It thus rejected all of Smith's claims, including those regarding the searches of his home and computer.  In particular, it held that the "pre-warrant search" of Smith's digital files was lawful, and that Smith presented no "argument, evidence, or authority" to challenge the resulting warrant.  *Id.* at 865.  Smith's warrant argument has thus already been considered and rejected by the Fifth Circuit.  This Court will not disturb the Fifth Circuit's ruling.

Alternatively, if Smith is correct that the issue raised in this motion is different from the issue on which the Fifth Circuit already ruled, then he improperly raises this question.  In *Gonzalez*, the Fifth Circuit held that a petitioner cannot use Rule 60(b) to "present new claims for relief" in contravention of the Antiterrorism and Effective Death Penalty Act of 1996's rule against successive habeas petitions, which provides that a new claim for relief must be dismissed unless it relies on a new rule of constitutional law or newly discovered facts.  *Gonzalez*, 545 U.S. at 531.[71]  Smith identifies no new

---

[71]   Although *Gonzalez* dealt with a habeas petition under § 2254, the Fifth Circuit has clarified that its holding "applies equally to proceedings under § 2255."  *See United States v. Patton*, 750 F. App'x 259, 263 (5th Cir. 2018) ("If [petitioner's] motion attacks the merits of the district

rule of constitutional law or newly discovered facts. The "undecided issue" Smith cites in his motion is thus either (1) a claim that was rejected by the Fifth Circuit, or (2) a "new claim[] for relief" that constitutes an improper, successive habeas action. *See also In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (holding that a Rule 60(b) motion is tantamount to "a successive habeas petition [] if it seeks to add a new ground for relief, or if it attacks the federal court's previous resolution of a claim on the merits" (internal quotation marks omitted)). Accordingly, the Court holds that Smith is not entitled to the relief he seeks in his section 2255 motion.

---

court's ruling on his § 2255 petition, it is an unauthorized, successive habeas petition[.]").

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner's motion to reopen his section 2255 motion pursuant to Fed. R. Civ. P. 60(b)(1) for the limited purpose of rectifying procedural error.  However, it DENIES the relief Smith seeks in his Rule 60(b)(1) motion.

New Orleans, Louisiana, this __31st__ day of August, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

26