UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                              NO. 13-201

JOHNNY SMITH                                   SECTION "R"

## ORDER AND REASONS

The Court is in receipt of defendant Johnny's Smith's "motion in letter form."[1] For the following reasons, the Court denies Smith's motion.

## I.    BACKGROUND

On July 24, 2013, defendant Johnny Smith was charged by criminal complaint with receipt and distribution of material involving the sexual exploitation of minors in violation of 18 U.S.C. § 2252(a)(2).[2] On September 20, 2013, the Government filed a Superseding Bill of Information charging Smith with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e), as well as possession of child pornography in violation of 18 U.S.C.

---

[1]     R. Doc. 166.
[2]     R. Doc. 1 at 1.

§§ 2252(a)(4)(B) and (b)(2).[3]  On February 5, 2015, Smith pleaded guilty to both counts of the Superseding Bill of Information.[4]

Smith also entered into a plea agreement with the Government under Federal Rule of Criminal Procedure 11.[5]  Under the terms of the plea agreement, the Government agreed not to bring any other charges in the Eastern District of Louisiana arising from Smith's production of child pornography concerning the victim identified in the Superseding Bill of Information.[6]  The Government also agreed not to bring any other charges in the Eastern District of Louisiana concerning Smith's receipt and possession of child pornography in 2012 and 2013.[7]  In exchange, and in addition to his guilty plea, Smith waived his right to appeal his conviction or sentence, except that he reserved the right to bring a direct appeal of any sentence above the statutory maximum.[8]  Further, Smith waived his right to contest his conviction or sentence in any collateral proceeding, including under 28 U.S.C. § 2255, except if he established that ineffective assistance of counsel

---

[3]    R. Doc. 18 at 1-2.
[4]    R. Doc. 39.
[5]    R. Doc. 40.
[6]    *Id.* at 1.
[7]    *Id.*
[8]    *Id.* at 3.

directly affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.[9]

In connection with his guilty plea, Smith signed a factual basis in which he admitted to the facts underlying his plea.[10] In the factual basis, Smith admitted that on two occasions he recorded videos in which he engaged in sexually explicit conduct with a three-year-old girl.[11] Smith admitted that he used a camera manufactured outside of the State of Louisiana to record the sexually explicit conduct, and that he saved the videos to a storage device manufactured outside of the State of Louisiana.[12]

The factual basis described the content of the videos that Smith recorded of the victim.[13] It also described five videos recorded on a second occasion.[14] Smith admitted in the factual basis to using his computer to search for, download, and save images and videos of child pornography.[15] Smith admitted that he stored seven videos and seventeen images depicting

---

[9]    *Id.*
[10]   R. Doc. 41.
[11]   *Id.* at 2.
[12]   *Id.* at 2-3.
[13]   *Id.* at 3-4.
[14]   *Id.*
[15]   *Id.* at 4.

the sexual victimization of children on his computer and an external storage drive.[16]

During Smith's rearraignment, the Court confirmed that Smith understood the charges against him, the consequences of pleading guilty, and that he was pleading guilty knowingly and voluntarily.[17]  Smith testified that he had not been persuaded to plead guilty because of any threats made to him by anyone.[18]  Smith further stated that he reviewed his plea agreement with his lawyer and understood that in it, he was waiving the right to appeal or collaterally challenge his conviction or sentence unless the sentence was in excess of the statutory maximum.[19]  He also testified that he understood that he preserved the right to bring a postconviction proceeding only if he could show that ineffective assistance of counsel affected the validity of his guilty plea or his waiver of appeal and collateral challenge rights.[20]  Smith told the Court that he was pleading guilty because he was in fact guilty of the crime charged,[21] that he had reviewed and signed the factual basis, and that the facts stated within the factual basis were true.[22]  Smith also testified that

---

[16]   *Id.*
[17]   R. Doc. 71 at 24:8-19.
[18]   *Id.* at 13:4-6.
[19]   *Id.* at 16:16-22.
[20]   *Id.* at 16:24-17:4.
[21]   *Id.* at 12:8-10.
[22]   *Id.* at 23:24-24:5.

he was satisfied with the advice and services of his lawyer and that his lawyer had advised him of his appeal rights and the effect of waiving them.[23]

On October 8, 2014, the Court sentenced Smith to 292 months' imprisonment as to Count One and 240 months' imprisonment as to Count Two, with all terms to run concurrently.[24]   The Court also ordered a life sentence of supervised release as to both counts and a $200 special assessment.[25]   Smith's sentence was within the advisory guidelines range and did not exceed the relevant statutory maximums.   At his sentencing, Smith apologized for his crimes.[26]   Following his conviction, Smith appealed to the Fifth Circuit, and his appeal was dismissed.[27]   This Court later reduced Smith's sentence under Count One to 263 months' imprisonment.[28]

### A.    Section 2255 Habeas Petition

After the dismissal of his appeal, Smith filed several motions with this Court.   He first filed a motion for review of his sentence pursuant to Federal Rule of Criminal Procedure 52(b), asserting that the Government searched

---

[23]    *Id.* at 17:5-7, 19:25-20:2, 21:16-22.
[24]    R. Doc. 59 at 2.
[25]    *Id.* at 3, 6
[26]    R. Doc. 67 at 7:18-8:10.
[27]    R. Doc. 78.
[28]    R. Doc. 98.

his computer in violation of the Fourth Amendment, that his waiver of indictment was fraudulently obtained, that the Government failed to establish that the camera he used to record his victim had travelled in interstate commerce, that the videos he recorded did not constitute pornography, and that his trial counsel was ineffective.[29]   The Court informed Smith that it would construe his Rule 52(b) motion as an application for post-conviction relief under 28 U.S.C. § 2255 and gave him thirty days to withdraw his motion or amend it to bring any additional claims.[30]

Following several extensions, Smith filed a supplemental § 2255 motion on January 26, 2016.[31]   In this motion, Smith argued that his trial counsel was ineffective by, among other things, coercing Smith to plead guilty and failing to advise Smith regarding the effect of his guilty plea and waiver of appeal.[32]   Smith argued that his appellate counsel was ineffective for failing to argue before the Fifth Circuit that Smith's trial counsel was ineffective.[33]   Finally, Smith asserted that the Court failed to advise him of

---

[29]   R. Doc. 80.

[30]   R. Doc. 83.

[31]   R. Doc. 93.

[32]   *Id.* at 5.

[33]   *Id.* at 4.

several of his rights and the effect of waiving them by pleading guilty.[34]  In his reply brief in support of his § 2255 motion, Smith asserted that he was actually innocent of producing child pornography,[35] and reiterated his claim that trail counsel coerced his guilty plea.[36]  Smith also filed a supplemental brief regarding his motion, arguing that the Government violated his right to privacy by searching his computer and accessing files he shared on a peer-to-peer file-sharing network.[37]

In opposition to Smith's § 2255 motion, the Government argued that Smith's petition alleged constitutional and jurisdictional errors that were not raised on direct appeal, and were thus procedurally defaulted and could not be asserted on collateral review.[38]  The Government further argued that Smith's cognizable claims under § 2255 for ineffective assistance of counsel were meritless.[39]  The Government did not invoke the appeal and collateral challenge waiver in Smith's plea agreement in its opposition brief.

In an order dated May 19, 2017, this Court considered and denied Smith's pending motions.[40]   The Court considered Smith's ineffective

---

[34]    *Id.* at 8-9.
[35]    R. Doc. 102 at 1-2.
[36]    *Id.* at 4.
[37]    R. Doc. 109.
[38]    R. Doc. 101 at 5.
[39]    *Id.* at 8-14.
[40]    R. Doc. 112.

assistance of counsel claim, and found that, because of the lack of detail in Smith's allegations that his counsel threatened him to accept a guilty plea coupled with his sworn testimony that he had not been persuaded to plead guilty because of any threats by anyone and was satisfied with the advice and services of his lawyer, Smith failed to meet his burden to show that ineffective assistance of counsel affected the validity of his plea or waiver.[41]  The Court also rejected Smith's ineffective assistance of counsel claim premised on trial counsel's failure to "adequately investigate his claims" and "present an adequate defense,"[42] as well as his claims that the Court failed to inform him of his rights.[43]  Finally, the Court observed that in his plea agreement, Smith "waived his right to collaterally challenge his conviction or sentence unless he can prove that ineffective assistance of counsel affected the validity of his waiver of appeal and collateral challenge rights or the validity of the guilty plea itself."[44]  Accordingly, the Court held that Smith's remaining claims regarding the sufficiency of the evidence underlying his conviction and the propriety of any searches under the Fourth Amendment were barred.[45]  The

---

[41]     *Id.* at 13-15.
[42]     *Id.* at 14.
[43]     *Id.* at 15.
[44]     *Id.* at 12.
[45]     *Id.* at 16.

Court held that Smith was not entitled to an evidentiary hearing on the issue and declined to grant a certificate of appealability ("COA").[46]

## B.   Fifth Circuit Ruling on § 2255 Claims

Smith then requested a COA from the Fifth Circuit, which the Fifth Circuit construed as a notice of appeal. *United States v. Smith*, 945 F.3d 860, 862 (5th Cir. 2019). The Fifth Circuit granted Smith a COA on "whether the government's answer invoked Smith's waiver," "whether the district court erred by enforcing it to bar Smith from presenting his constitutional claims," and "whether the language of the waiver contained a waiver of collateral challenge to his conviction and whether counsel and the district court erred by incorrectly explaining the substance of the plea agreement." *Id.* The court directed the Government to address "these issues and all other constitutional issues raised in Smith's COA motion." *Id.*

In the Fifth Circuit, the Government challenged the COA on two grounds. First, the Government contended that although this Court erred in enforcing Smith's collateral-review waiver *sua sponte*, the Fifth Circuit should not have issued the COA "because Smith did not raise that error in his COA motion." *Id.* Second, the Government asserted that the COA should

---

[46]    *Id.* at 12-13.

not have been issued directing the Government to address all the constitutional issues in Smith's COA motion without "indicating which specific issue or issues satisfy the showing required by" § 2253(c)(2).[47]  *Id.*

The Fifth Circuit agreed with the Government that the COA failed to indicate which issues satisfied the showing required by § 2253(c)(2), but held that this defect could be cured by "considering an amendment to the COA" if Smith "made a substantial showing of the denial of a constitutional right."[48] *Id.* at 863.  The court thus proceeded to consider the merits of Smith's claims.

The court found that Smith "ha[d] not made a substantial showing on the merits of any constitutional claim."  *Id.*  The court rejected Smith's claim that his attorney coerced his guilty plea as lacking sufficient detail.  *Id.* at 863-64.  It likewise rejected his claim that the counsel was ineffective for not testing the Government's proof on the jurisdictional element of his charge for producing child pornography because Smith admitted that he "used a

---

[47]  28 U.S.C. § 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."

[48]  Smith had to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" for the claims this Court rejected on the merits.  *Id.*  For those rejected on procedural grounds, Smith had to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling."  *Id.*

hand-held digital recording device that was manufactured outside of the State of Louisiana to record the sexually explicit conduct" in the factual basis for his plea.  *Id.* at 864.  It also rejected his claim that this Court lacked jurisdiction to accept his plea on the grounds that he was never indicted by a grand jury, because "the failure to secure an indictment is a nonjurisdictional error that he waived when he pleaded guilty."  *Id.* (citing *United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008)).

The court further rejected, in summary fashion, Smith's "litany of other ineffective-assistance claims," namely, that counsel: erroneously permitted Smith to plead guilty while he was incompetent, failed to suppress evidence from the warrantless retrieval of files from Smith's computer through peer-to-peer file-sharing software, failed to challenge the validity of the resulting search warrant, failed to explain Smith's plea agreement and the consequences of pleading guilty, failed to move to suppress Smith's statements given during the search, failed to bargain for a better plea agreement, and acceded to Smith's demand to speak with prosecutors.  *Id.* at 865.  Because the court found that "jurists of reason would not find the merits of Smith's constitutional claims debatable," it dismissed Smith's appeal without addressing "the district court's procedural error."  *Id.*

### C.    Rule 60(b) Motion

After the Fifth Circuit's ruling, Smith filed a motion to reopen his § 2255 motion in accordance with Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).[49]  In his motion, Smith argued that this Court erred in invoking the waiver to prevent him from challenging his conviction on collateral review.[50]  He also contended that the Fifth Circuit failed to "touch upon one of the principal claims Smith raised" in his § 2255 motion: "the warrantless search of his residence, computer, and related devices."[51]  He asserted that "there ***was no warrant*** to search his residence and physically search and seize his computer and devices, and counsel should have . . . ascertained this."[52]  Smith thus asked the Court to "vacate its previous ruling insofar as it denied relief on the issue of the existence of a warrant and its effects on the physical search of Smith's residence computer, and related devices;" "require the Government to either explain why it did not require a warrant when it conducted a physical . . . search or produce an original warrant and justify its non-disclosure to Defendant and the Court;" and "hold[] hearing and argument to allow [the Court] to make detailed findings so the Government

---

[49]    R. Doc. 147.
[50]    *Id.* at 4-5.
[51]    *Id.* at 5.
[52]    *Id.* at 6 (emphasis in original).

may appeal or Smith may seek a proper Certificate of Appealability, as the case may be."[53]

On August 31, 2022, the Court issued an order granting in part and denying in part Smith's motion.[54]   The Court granted the Rule 60(b)(1) motion for the limited purpose of correcting a procedural error in its ruling on Smith's § 2255 motion.   Specifically, the Court found that because the Government did not affirmatively invoke Smith's waiver in its opposition to the § 2255 motion, the Court's enforcement of the waiver *sua sponte* to bar some of Smith's claims was in error.[55]   But the Court denied the substantive relief Smith requested in part because the substantive claims in his § 2255 motion had already been ruled upon.[56]   This Court expressly considered and rejected several of Smith's claims in its May 19, 2017 Order and Reasons.[57] And on appeal, the Fifth Circuit ruled on the merits of all of Smith's claims. The Court thus declined to reconsider these rulings, as they constitute the law of the case.[58]   The Court further addressed Smith's claim that the Government conducted a warrantless physical search of his home and

---

[53]   *Id.* at 8.
[54]   R. Doc. 158.
[55]   *Id.* at 20-21.
[56]   *Id.* at 21.
[57]   R. Doc. 112 at 14-15.
[58]   R. Doc. 161 at 22.

seizure of his computer and other devices.  Smith argued that neither this Court nor the Fifth Circuit had ruled on this claim.  This Court, however, found that this was the same argument advanced before, and rejected by, the Fifth Circuit.  Indeed, on appeal, Smith similarly contended that "[a] warrant was . . . required to descend upon [his] house and physically search and seize his computer and equipment" and criticized trial counsel for failing to "[s]eek[] to invalidate the search warrant or prove that none existed." *United States v. Smith*, No. 17-30503, Doc. 514541333 at 67-68 (5th Cir. 2018).  The Fifth Circuit considered the claim and ruled that "[i]t is apparent from this record that Smith has not made a substantial showing on the merits of *any* constitutional claim." *Smith*, 945 F.3d at 863.  The court further held that the "pre-warrant search" of Smith's digital files was lawful, and that Smith presented no "argument, evidence, or authority" to challenge the resulting warrant. *Id.* at 865.  As this Court concluded in its August 31 order, the Fifth Circuit "thus rejected all of Smith's claims, including those regarding the searches of his home and computer."[59]

The Court further held that even assuming, *arguendo*, that Smith was correct that the issue raised in his motion was different from the issue ruled

---

[59]     *Id.* at 24.

upon by the Fifth Circuit, he nevertheless improperly raised this question.[60] Specifically, had the Fifth Circuit not rejected this "undecided issue" on appeal, it would be a new claim for relief that constitutes an improper, successive habeas action.[61]  The Court thus held that, in either event, Smith was not entitled to relief under Rule 60(b)(1).[62]  The Court declined to grant a COA.[63]

### D.   Appeal of Rule 60(b) Order & Application for Successive § 2255 Motion

Smith then sought a COA from the Fifth Circuit to appeal the denial of his postjudgment motion seeking to reopen his § 2255 proceedings.[64]  Smith argued that his postjudgment motion was not a successive § 2255 motion or precluded under the law of the case doctrine because his claim challenging the warrantless search of his residence was never adjudicated on the merits in the initial proceeding.[65]  On April 5, 2023, Judge Catharina Haynes denied Smith's motion for a COA, finding that he failed to show that jurists of reason

---

[60]     *Id.*
[61]     *Id.* at 25.
[62]     *Id.* at 25-26.
[63]     R. Doc. 161.
[64]     R. Doc. 159.
[65]     R. Doc. 163.

could debate this Court's procedural ruling.[66]   Smith filed a motion for reconsideration with the Fifth Circuit, which the court denied.[67]

On October 5, 2023, Smith then filed with the Fifth Circuit an application for leave to file a second or successive § 2255 motion.[68]   In his application, Smith asserted that he wished to bring a successive § 2255 motion to assert his claim based on ineffective assistance of trial counsel for failing to seek the "non-existent search warrant or affidavit in support thereof authorizing the search of [ ] Smith's physical residence."[69]   Smith further contended that he presented this issue in his original § 2255 motion, and that this Court did not address the issue.  On October 23, 2023, the Fifth Circuit denied Smith's motion for authorization.[70]   The court concluded that, "[t]o the extent that the issue was presented before, it may not now be considered."[71]  Alternatively, "[t]o the extent that Smith's argument presents a new claim," the Fifth Circuit found that Smith "has failed to make the requisite prima facie showing."[72]

---

[66]     *Id.*
[67]     R. Doc. 164.
[68]     *In re: Johnny Smith*, No. 23-30705, R. Doc. 2 (5th Cir. Oct. 5, 2023).
[69]     *Id.*, R. Doc. 3.
[70]     *Id.*, R. Doc. 19-2.
[71]     *Id.*
[72]     *Id.*

### E.    Smith's "Motion in Letter Form"

Following the Fifth Circuit's denial of his motion for authorization, Smith submitted a letter to this Court that he styles as a "motion in letter form."[73]  In it, Smith contends that he is "confused" as to whether the search-warrant issue had been raised or not.[74]  Smith relies on the portion of the Court's ] August 31, 2022, order, in which it stated: "Alternatively, if Smith is correct that the issue raised in this motion is different from the issue on which the Fifth Circuit already ruled, then he improperly raised this question."[75]  Based on this sentence, Smith appears to believe that this Court found that he did *not* raise this issue during his § 2255 proceeding, and that this position is contrary to that of the Fifth Circuit.[76]  He thus states that, "[i]f what [the Court] say[s] is true, and the issue of no search warrant for the physical search of [his] residence . . . has never been presented before this Court or any other, then the Fifth Circuit is incorrect in its ruling."[77]

---

[73]    R. Doc. 166.

[74]    *Id.* at 1.

[75]    *See* R. Doc. 166 at 1; R. Doc. 158 at 24.

[76]    R. Doc. 166 at 1-2 ("One court says its been raised, the other claims it hasn't, but the one truth still remains, as it always has — there was no search warrant or affidavit in support thereof for the physical search of my residence and effects.").

[77]    R. Doc. 166 at 1-2.

17

## II.   DISCUSSION

Liberally construing Smith's filing, Smith seeks habeas relief pursuant to 28 U.S.C. § 2255 and relief under Federal Rule of Civil Procedure 60(b) from the Fifth Circuit's order denying him authorization to pursue a second or successive petition in this Court.   But Rule 60(b) provides no basis for obtaining relief from an order of a court of appeals.   *See* Fed. R. Civ. P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature.").   The Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals."   *See* Fed. R. App. P. 1(a)(1). This Court thus has no jurisdiction to grant Smith relief from the Fifth Circuit's October 25, 2023 order.

Moreover, to the extent Smith premises this motion on 28 U.S.C. § 2255, the action is subject to the restrictions on second or successive petitions set forth in 28 U.S.C. § 2244(b).   Under § 2244(b)(3)(A), Smith must obtain authorization from the Fifth Circuit before filing a second or successive petition in the district court.   Smith sought, and was denied, such authorization.   In denying Smith's application, the Fifth Circuit was clear in its ruling.[78]   It offered two possible conclusions: either (1) Smith previously presented this issue during his original § 2255 proceeding; or (2) Smith did

---

[78]     *In re: Johnny Smith*, No. 23-30705, R. Doc. 19-2 (5th Cir. 2023).

not present this issue before and, thus, it is a new claim for relief.[79]  In either event, the Fifth Circuit held that the outcome would be the same: Smith cannot file a second or successive § 2255 motion.  If the issue was presented before, it may not be considered in a successive habeas application pursuant to 28 U.S.C. § 2244(b)(1).  And if it was not presented before, the claim still cannot be considered in a successive habeas application because Smith failed to make the requisite prima facie showing of either a new rule of constitutional law or newly discovered facts.

Despite Smith's contention otherwise, the Fifth Circuit's ruling is consistent with that of this Court.  In its August 31, 2022, order, the Court held that Smith's claim was either (1) previously raised in his original § 2255 motion and rejected by the Fifth Circuit; *or* (2) a new claim for relief that constitutes an improper, successive habeas action because Smith neither identified a new rule of constitutional law or newly discovered facts.[80]  This Court therefore declined to consider Smith's claim in ruling on his Rule 60(b)(1) motion.[81]  Indeed, even if Smith was not precluded from raising this claim under § 2244(b)(1), the Court was without authority to consider the claim absent Fifth Circuit authorization of a second or successive habeas

---

[79]  *Id.*
[80]  R. Doc. 158 at 25.
[81]  *Id.*

application.  And until Smith successfully obtains permission from the Fifth Circuit to file a successive petition, this Court lacks jurisdiction to consider his claim.  *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In other words, considering this Court's dismissal and the Fifth Circuit's denial of authorization to file a successive § 2255 motion, the instant motion is successive within the meaning of 28 U.S.C. § 2244(b).  This Court cannot exercise jurisdiction over the action without the requisite authorization from the court of appeals.  Because the Fifth Circuit has specifically denied Smith authorization to file a second or successive petition, this Court has no authority to consider Smith's claim for habeas relief.

Moreover, to the extent that Smith seeks review of the Fifth Circuit's ruling on his motion for authorization, such relief cannot be sought in this Court, for it is not the province of the district court to evaluate the Fifth Circuit's decision.  To consider a second or successive petition after the Fifth Circuit has denied authorization for such filing would be contrary to § 2244(b)(3)(A), and "would constitute an impermissible, unprecedented, and unwarranted end run around [to] § 2244(b)(E)."  *Thomas v. Dretke*, No. 06-CV-0479, 2006 WL 954042, at *2 (N.D. Tex. Apr. 12, 2006) (quoting *Banos v. Cockrell*, No. 02-CV-2193, 2003 WL 21458772, at *2 (N.D. Tex. Apr. 28, 2003) (internal quotation marks omitted)); *see also* 28 U.S.C.

§ 2244(b)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."). "One cannot simply ignore the dictates of this subparagraph and proceed to the district courts despite having been denied authorization by the court of appeals." *Thomas*, 2006 WL 954042, at *2 (quoting *Banos*, 2003 WL 21458772, at *2 (internal quotation marks omitted)).

For these reasons, the Court does not have jurisdiction over this matter and cannot grant Smith his requested relief.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES Smith's motion for lack of jurisdiction.

New Orleans, Louisiana, this __30th__ day of November, 2023.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE