UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| VERSUS | NO. 13-201 |
| JOHNNY SMITH | SECTION "R" |

### ORDER AND REASONS

Before the Court is Johnny Smith's opposed[1] motion for documents.[2] For the following reasons, the Court dismisses the motion.

I.  BACKGROUND

On February 5, 2014, Johnny Smith pleaded guilty to a two-count Superseding Bill of Information that charged Smith with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e), as well as possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).[3] In connection with his guilty plea, Smith signed a factual basis in which he admitted to the facts underlying his plea.[4] Specifically, Smith admitted that on two occasions he recorded videos in which he engaged in sexually explicit

---

[1]  R. Doc. 170.
[2]  R. Doc. 168.
[3]  R. Docs. 39, 18 at 1-2.
[4]  R. Doc. 41.

conduct with a three-year-old girl.[5] The factual basis described the content of the videos that Smith recorded of the victim.[6] It also described five videos recorded on a second occasion.[7] Smith admitted to using his computer to search for, download, and save images and videos of child pornography.[8] Smith admitted that he stored seven videos and seventeen images depicting the sexual victimization of children on his computer and an external storage drive.[9]

The Court sentenced Smith on October 8, 2014.[10] Smith then appealed to the Fifth Circuit, and his appeal was dismissed.[11] After the Fifth Circuit denied his appeal, Smith filed a litany of motions with this Court. First, he filed a motion for review of his sentence pursuant to Federal Rule of Criminal Procedure 52(b).[12] The Court construed the motion as an application for post-conviction relief under 28 U.S.C. § 2255 and provided Smith thirty days to withdraw the motion or amend it to bring any additional claims.[13]

---

[5]   *Id.* at 2.
[6]   *Id.* at 3-4.
[7]   *Id.*
[8]   *Id.* at 4.
[9]   *Id.*
[10]  R. Doc. 59.
[11]  R. Doc. 78.
[12]  R. Doc. 80.
[13]  R. Doc. 83.

2

Following multiple extensions, Smith filed a supplemental § 2255 motion.[14] The Court considered and denied these motions.[15]

Smith then requested a COA from the Fifth Circuit, which the Fifth Circuit construed as a notice of appeal. *United States v. Smith*, 945 F.3d 860, 862 (5th Cir. 2019). The Fifth Circuit granted Smith a COA on "whether the government's answer invoked Smith's waiver," "whether the district court erred by enforcing it to bar Smith from presenting his constitutional claims," and "whether the language of the waiver contained a waiver of collateral challenge to his conviction and whether counsel and the district court erred by incorrectly explaining the substance of the plea agreement." *Id.* In December 2019, the Fifth Circuit vacated the COA and dismissed Smith's appeal. *Id.* at 865.

Smith then filed a motion to reopen his § 2255 motion in accordance with Federal Rule of Civil Procedure 60(b)(1) and 60(b)(6).[16] In August 2022, this Court issued an order granting in part and denying in part Smith's motion.[17] The Court granted the Rule 60(b)(1) motion for the limited purpose of correcting a procedural error in its ruling on Smith's § 2255

---

| | |
|---|---|
| 14 | R. Doc. 93. |
| 15 | R. Doc. 112. |
| 16 | R. Doc. 147. |
| 17 | R. Doc. 158. |

3

motion.[18] Specifically, the Court found that because the Government did not affirmatively invoke Smith's waiver in its opposition to the § 2255 motion, the Court's enforcement of the waiver *sua sponte* to bar some of Smith's claims was in error.[19] But the Court denied the substantive relief Smith requested in part because the substantive claims in his § 2255 motion had already been ruled upon.[20] The Court declined to grant a COA.[21] Smith then sought a COA from the Fifth Circuit to appeal the denial of his postjudgment motion seeking to reopen his § 2255 proceedings,[22] which the Fifth Circuit denied.[23] Smith filed a motion for reconsideration with the Fifth Circuit, which the court denied.[24]

Smith then filed with the Fifth Circuit an application for leave to file a second or successive § 2255 motion.[25] The Fifth Circuit denied Smith's motion for authorization in October 2023.[26]

---

[18]    *Id.* at 20-21.
[19]    *Id.* at 20-21.
[20]    *Id.* at 21.
[21]    R. Doc. 161.
[22]    R. Doc. 159.
[23]    R. Doc. 163.
[24]    R. Doc. 164.
[25]    *In re: Johnny Smith*, No. 23-30705, R. Doc. 2 (5th Cir. Oct. 5, 2023).
[26]    *Id.*, R. Doc. 19-2.

4

Following the denial, Smith submitted a letter to this Court that he stylized as a "motion in letter form."[27] This Court found that Smith sought habeas relief pursuant to 28 U.S.C. § 2255 and relief under Federal Rule of Civil Procedure 60(b) from the Fifth Circuit's order denying him authorization to pursue a second or successive petition in this Court.[28] The Court held that it did not have jurisdiction and denied Smith's motion.[29]

Smith now brings a "motion for documents."[30] The government opposes the motion and argues that Smith's request likely constitutes an impermissible second and successive habeas petition.[31] The Court considers the motion below.

## II. LAW AND ANALYSIS

Petitioner requests the Court to "provide him with a copy of any and all search warrants or affidavits in support thereof that might or might not exist on the official record" as he "need[s] [them] to form the basis of an appeal."[32] Although Smith provides little details in his request, it appears that he is setting up a challenge to his conviction.[33] Because Smith is attempting to

---

[27] R. Doc. 166.
[28] R. Doc. 167.
[29] *Id.*
[30] R. Doc. 168.
[31] R. Doc. 170.
[32] R. Doc. 168.
[33] R. Doc. 170.

5

challenge the legality of his conviction, his motion must be recharacterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381-82 (2003); *United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. 2012). "[M]otions that 'in effect ask for a second chance to have the merits determined favorably' must be construed as successive habeas petitions." *United States v. Vialva*, 904 F.3d 356, 360 (5th Cir. 2018) (citing *Balentine v. Thaler*, 626 F.3d 842, 847 (5th Cir. 2010)). Smith appears poised to ask for another "chance to have the merits determined favorably." *Id*. The Court, therefore, finds that Smith's request is a second or successive motion.

Under § 2255, "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). This requirement "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam). Here, there is nothing in the record that indicates Smith sought authorization from the Fifth Circuit to file this successive petition. Consequently, this Court lacks jurisdiction to review Smith's petition. The Court dismisses Smith's motion for documents. *See United States v. Mason*, 116 F. App'x 469, 470 (5th Cir. 2004) (holding

6

that, without authorization from the Fifth Circuit, the "district court would have been required to dismiss [defendant's] motion for lack of jurisdiction"); *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) ("[A] district court may dispose of applications lacking authorization through dismissal.").

## III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES petitioner's motion for lack of jurisdiction.

New Orleans, Louisiana, this __12th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE